## MILLS *v.* DOW'S ADMINISTRATOR.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 151. Submitted December 9, 1889. — Decided March 3, 1890.

Where the subject matter of a contract relates to the construction of a railroad in Massachusetts, and the defendant resides there, and the contract was made there, and a suit on the contract is brought there, the law of

Massachusetts is to govern in expounding and enforcing the contract, and in determining the rule of damages for a breach of it.

Where a contract states that the purchasing price of its subject matter is $15,000, and that that sum has been " this day advanced and paid " therefor, it is competent for the vendor, in a suit by him on the contract, to show that only $10,000 was paid, with a view to recover the remaining $5000.

The language of the contract is ambiguous and does not show actual prior or simultaneous payment.

Evidence of a promise by the defendant, as a part of the consideration of the contract, to pay certain debts mentioned in it which the plaintiff owed is admissible; and the refusal of the defendant to pay those debts on demand was a breach of the contract.

An agreement to " assume " a prior contract, and to save the plaintiff harmless from " all liability " by reason of certain other contracts, is broken by a failure to pay the parties to whom the plaintiff was liable, and it is not necessary to a breach that the plaintiff should show that he had first paid those parties.

The agreement is not merely one to indemnify the plaintiff from damage arising out of his liability, but is an agreement to assume his contracts and to discharge him from his liability.

Such agreement was a personal one on the part of the defendant.

ON the 23d of October, 1878, the following instrument in writing was executed by Stephen C. Mills on the one part, and Stephen Dow and Nathan P. Pratt on the other :

" Whereas Stephen C. Mills of Stark, in the State of Maine, is the contractor for the building of the Boston and Mystic Valley Railroad Company's railroad bed, bridges, etc., etc.; and whereas the said railroad company has agreed to purchase and cause to be cancelled the said contract, but said company has found it inconvenient or impossible to pay me the agreed price for such purchase ; and whereas Stephen Dow of Woburn and Nathan P. Pratt of Reading have agreed to purchase of me the said contract in the interest of said railroad company and for the said company's benefit and profit, and to receive of me an assignment of said contract in trust for said company — that is to say, as collateral security for payment to them by said company of the sum of fifteen thousand dollars, the purchasing price, and interest thereon at the rate of six per centum per annum, for such time as the same shall remain unpaid, which said sum of fifteen thousand dollars the

said Dow and Pratt have this day advanced and paid to said Mills for said contract and all sums that may hereafter become due thereunder; and whereas the said Mills has sublet some of the work, as per contracts marked 'B,' 'C,' 'D,' 'E' and hereto annexed, with Hall and Burgess, J. M. Ellis and Savage and McCabe; and whereas the said Dow and Pratt assume said contract in their capacities aforesaid; and whereas by the terms of said contract 'A' ten per cent of the monthly estimate is retained in the hands of the company; the said Dow and Pratt as aforesaid accept the assignment of said contract, with the understanding and agreement that they will and shall well and truly save harmless the said Mills from any and all liability by reason of said contracts, the ten per cent reserved, and any claim by reason of said Ellis, Hall and Burgess and Savage and McCabe agreements before mentioned: Now, know all men that I, Stephen C. Mills of Stark, in the State of Maine, the person named in the contract hereto annexed, marked 'A,' in consideration of fifteen thousand dollars to me paid by Stephen Dow, of Woburn, in the county of Middlesex and Commonwealth of Massachusetts, and Nathan P. Pratt of Reading, in said county of Middlesex, in their capacity aforesaid, have assigned and do hereby assign, sell, convey and set over to the said Dow and Pratt as aforesaid, and their assigns, all my interest in the within and beforementioned contract marked 'A,' and every clause, article, or thing therein contained, and I do hereby constitute and appoint them, the said Dow and Pratt, trustees as aforesaid, my attorney or attorneys, in my name, but to their own use as aforesaid, to take all legal means which may [be] proper for the complete recovery and enjoyment of the assigned premises, with power of substitution. In witness whereof I have hereunto set my hand and seal this twenty-third (23) day of October, A.D. 1878.

"S. C. Mills & Co.
"Stephen C. Mills. [L. S.]

"Signed, sealed and delivered in the presence of —
"Henry B. Nottage.
"P. Webster Loche.

"We the said Stephen Dow and Nathan P. Pratt, hereby accept the above assignment and the conditions preceding the same for the purposes aforesaid.

"Witness: "Stephen Dow.
"P. Webster Loche. "Nathan P. Pratt."

The contract of Mills with the Boston and Mystic Valley Railroad Company, to build and equip the road of that company from Somerville to Wilmington, was made on the 4th of May, 1878. On the 6th of May, 1878, the plaintiff, under the name of S. C. Mills & Co., made a sub-contract with H. C. Hall and J. H. Burgess, being the Hall and Burgess named in the instrument of October 23, 1878, to grade the road-bed of the railroad from Wilmington to Somerville. The road had not been completed on the 23d of October, 1878. Dow and Pratt were stockholders and directors in the company. Of the $15,000 mentioned in the instrument of October 23, 1878, they paid to Mills only $10,000. They did not pay any part of $11,048.08, which was due to Hall and Burgess for work done under their contract, partly before and partly after the instrument of October 23, 1878, was executed. Mills brought this suit against Dow and Pratt, in the Circuit Court of the United States for the District of Massachusetts, to recover those sums. Issue was joined by Dow. Pratt did not appear and was defaulted. At the trial before a jury the court directed a verdict for the defendant Dow, and a judgment accordingly was entered, to review which the plaintiff brought this writ of error. Since the writ was brought, Dow has died, and his administrator has been substituted as defendant in error in his stead.

Dow was president of the railroad company, and as such executed the contract between the company and Mills for the construction and equipment of the road. The sub-contractors named in the instrument of October 23, 1878, continued work on the road under their contracts up to the middle of December, 1878, and furnished the labor and materials set forth in the declaration and in the accounts annexed thereto, so that there was a balance exceeding $6000 due from Mills to Hall

and Burgess, partly for work done prior to October 23, 1878, and partly for work done subsequently to that date. Dow was informed of the amount so due to the sub-contractors, and that the same had never been paid.

The bill of exceptions, after stating the foregoing facts, set forth that the plaintiff offered to show by Hall, for the purpose of proving an independent oral contract based on an alleged liability of Dow as stockholder, that Dow repeatedly promised Hall, in 1879 and subsequently, that he would pay the amount claimed to be due to Hall and Burgess, but the court refused to admit the evidence at that stage of the case, on the ground that there was no evidence of a consideration for the promise, and that the liability, and the fact that Dow was a stockholder, must first be shown; that the plaintiff offered to show, by his own evidence, that the consideration of the instrument of October 23, 1878, was the payment of $15,000; that the defendants promised to pay him that sum as such consideration and had paid only $10,000 of it, the plaintiff claiming that, by the terms of the instrument, the defendants were bound to pay the whole of such consideration, and that, on proof that the consideration was $15,000, and was partially unpaid, he would be entitled to recover; that the court ruled that the inquiry was irrelevant, on the pleadings and proofs as they then stood; that the plaintiff offered further to show that, as a part of the consideration of the instrument, the defendants promised to pay the debts the plaintiff owed to Hall and others named in the instrument; and that the court refused to admit the evidence.

The bill of exceptions stated, also, that there was evidence tending to show that the defendants were stockholders and directors of the company, and Dow was its president, from May 1, 1878, to June 1, 1879; that Hall had authority from the plaintiff to collect from the defendants the amounts due to the sub-contractors; that Dow, at the request of the plaintiff, paid to one or more of the sub-contractors, subsequently to October 23, 1878, the amount due them for work done on the road and had also paid to the plaintiff the amount of a judgment recovered against the latter by Savage and McCabe, in

a suit brought by them subsequently to October 23, 1878, for work done by them under their sub-contract, which amount the plaintiff never paid to Savage and McCabe, and no claim was made for it in this suit; that, before this suit was brought, the sub-contractors demanded their pay from the plaintiff, showing him a statement of their account, and also made a demand on the defendants, and the plaintiff made a like demand on them; that as between the plaintiff and the sub-contractors, there was no dispute as to the amount due; that the company voted to stop the work of construction on the road about the middle of December, 1878, and never resumed the work of construction after that date; that Hall and Burgess did not complete their contract within the time stipulated in it, for the reason, among others, that the company did not meet its payments and never secured the right of way for the portion not constructed by it; and that no evidence was introduced by the plaintiff that he had paid any portion of the sums due the sub-contractors named in the instrument of October 23, 1878. The plaintiff having closed his case, the defendant Dow contended that the plaintiff could not recover without first showing some actual payment or injury other than his liability to Hall and Burgess, so due and made known to the defendants; and that the same had not been paid. The court ruled that there was no competent evidence to sustain the plaintiff's case, and directed a verdict for the defendant Dow. The bill of exceptions further stated that the plaintiff duly excepted at the trial to such rulings, refusals to rule, and direction of the court.

Mr. *George S. Hale* and Mr. *A. G. Stanchfield*, for plaintiff in error, cited: *Middlesex Co.* v. *Osgood*, 4 Gray, 447; *Young* v. *Raincock*, 7 C. B. 309; *Cox* v. *United States*, 6 Pet. 172; *Consequa* v. *Willing's Heirs*, Pet. C. C. 225; *Galvin* v. *Thompson*, 13 Maine, 367; *Paige* v. *Sherman*, 6 Gray, 511; *Wilkinson* v. *Scott*, 17 Mass. 249; *Carr* v. *Dooley*, 119 Mass. 294; *Schillinger* v. *McCann*, 6 Greenl. 364; *Beach* v. *Packard*, 10 Vermont, 96; *S. C.* 33 Am. Dec. 185; *Shepard* v. *Little*, 14 Johns. 210; *M'Crea* v. *Purmort*, 16 Wend. 460; *S. C.* 30 Am. Dec. 103;

*Pritchard* v. *Brown*, 4 N. H. 397; *S. C.* 17 Am. Dec. 431; *Belden* v. *Seymour*, 8 Connecticut, 304; *S. C.* 21 Am. Dec. 661; *Watson* v. *Blaine*, 12 S. & R. 131; *S. C.* 14 Am. Dec. 669; *Gully* v. *Grubbs*, 1 J. J. Marsh. 387; *Goldshede* v. *Swan*, 1 Exch. 154; *Hubon* v. *Park*, 116 Mass. 541; *Aldrich* v. *Ames*, 9 Gray, 76; *Clark* v. *Deshon*, 12 Cush. 589; *Braman* v. *Dowse*, 12 Cush. 227; *Carr* v. *Roberts*, 5 B. & Ad. 78; *Stout* v. *Folger*, 34 Iowa, 71; *Lathrop* v. *Atwood*, 21 Connecticut, 117; *Locke* v. *Homer*, 131 Mass. 93; *Stewart* v. *Clark*, 11 Met. 384; *Preble* v. *Baldwin*, 6 Cush. 549; *Smith* v. *Pond*, 11 Gray, 234; *Paper Stock Disinfecting Co.* v. *Boston Disinfecting Co.*, 147 Mass. 318; *Gilbert* v. *Wiman*, 1 Comstock (1 N. Y.) 550; *S. C.* 49 Am. Dec. 359; *Calvo* v. *Davies*, 8 Hun, 222; *Warwick* v. *Richardson*, 10 M. & W. 284; *Hodgson* v. *Wood*, 2 Hurl. & Colt. 649; *Port* v. *Jackson*, 17 Johns. 239, cited in *Wicker* v. *Hoppock*, 6 Wall. 94; *Wood* v. *Wade*, 2 Starkie, 167; *Greenleaf* v. *Birth*, 9 Pet. 292; *Schuchardt* v. *Allens*, 1 Wall. 359; *Hickman* v. *Jones*, 9 Wall. 197; *Farnum* v. *Davidson*, 3 Cush. 232; *United States* v. *Tillotson*, 12 Wheat. 180; *Gibbons* v. *Farwell*, 63 Michigan, 344; *Doane* v. *Lockwood*, 115 Illinois, 490; *Jones* v. *Vanzandt*, 2 McLean, 596; *Battis* v. *McCord*, 70 Iowa, 46.

*Mr. Stillman B. Allen* and *Mr. Montressor T. Allen* for defendant in error.

I. Under a general denial in the answer the plaintiff must prove each material allegation in the declaration. *Rodman* v. *Guilford*, 112 Mass. 405. There is nothing admitted by the answer except the making of said agreement. The questions concerning the admissibility of evidence arise solely upon the allegations contained in the plaintiff's declaration. What the plaintiff is estopped from proving, the defendant need not plead specially.

II. By the evidence offered the plaintiff endeavored to extend and enlarge the provisions of a written contract under the guise of proving by parol its consideration. It is perfectly well settled that a grantor is not absolutely bound by the consideration or the acknowledgment of its payment expressed in his deed, because the consideration is known to be arbitrary,

and a receipt is always open to explanation; and this acknowledgment, although under seal, is nothing more than a receipt, for the seal gives it no additional solemnity. *Wilkinson* v. *Scott*, 17 Mass. 249; *Howe* v. *Walker*, 4 Gray, 318.

In *Flynn* v. *Bourneuf*, 143 Mass. 277, Holmes, J., asserts that the authority of *Howe* v. *Walker*, *ubi supra*, is unshaken, and distinguishes it from *Carr* v. *Dooley*, 119 Mass. 294, *Preble* v. *Baldwin*, 6 Cush. 549, and similar cases.

III. The recital that the $15,000 has been paid is an estoppel upon the plaintiff to deny that fact on the faith of which the assignment was accepted, and so far as concerns the plaintiff this estoppel is in an instrument under his seal. *Leddy* v. *Barney*, 139 Mass. 394; *Southeastern Railway Co.* v. *Wharton*, 6 H. & N. 520; *Horton* v. *Westminster Improvement Com'rs*, 7 Exch. 780; *Lucy* v. *Gray*, 61 N. H. 151; *Mann* v. *Williams*, 143 Mass. 394; *Hudson* v. *Greenwele Seminary*, 113 Illinois, 618; *Lainson* v. *Tremere*, 1 Ad. & El. 792; *Baker* v. *Nachtrieb*, 19 How. 126; *Shoe & Leather Bank* v. *Dix*, 123 Mass. 148.

So far as the defendants are bound by implication arising from the acceptance of a deed poll, (if the writing be so construed,) it is only binding upon them as trustees and not in their individual capacity. And so far as they are bound by their written acceptance, the form of the same limits their liability to their capacity as trustees, notwithstanding their naked signatures. The following cases are cited to the points that the writing is the only evidence of the intent of the parties, and that on the whole writing there is no personal liability. *Goodenough* v. *Thayer*, 132 Mass. 152; *Tucker Mfg. Co.* v. *Fairbanks*, 98 Mass. 101; *Carpenter* v. *Farnsworth*, 106 Mass. 561; *Terry* v. *Brightman*, 132 Mass. 318; *Ellis* v. *Pulsifer*, 4 Allen, 165; *Cutler* v. *Ashland*, 121 Mass. 588; *Cook* v. *Gray*, 133 Mass. 106; *Blanchard* v. *Blackstone*, 102 Mass. 343; *Whitford* v. *Laidler*, 94 N. Y. 145.

MR. JUSTICE BLATCHFORD, after stating the case as above, delivered the opinion of the court.

The plaintiff alleges as error (1) the refusal of the court to admit the evidence offered as to the consideration of $15,000,

as to the promise to pay the balance of it, and as to the promise to pay the debts due to Hall and Burgess; (2) the ruling that the plaintiff could not recover without showing some · actual payment or injury, other than his liability to Hall and Burgess so due and made known to the defendants; (3) the ruling that there was no competent evidence to ·sustain the plaintiff's case; and (4) the withdrawal of the case from the jury and the direction of a verdict for the defendant Dow.

As the subject matter of the instrument of October 23, 1878, was in Massachusetts, and the defendant Dow was a resident there, and the contract was made there, and the suit was brought there, the law of that State is to govern in expounding and enforcing the contract and in determining the rule of damages for a breach of it.

It is contended by the defendant that the instrument contains an admission of the receipt of the entire $15,000; and the question on this branch of the case is whether the plaintiff is precluded from showing the true state of facts. It is well settled in Massachusetts, that a recital in a deed, acknowledging payment of the consideration stated, is only *prima facie* proof, and is subject to be controlled or rebutted by other evidence. *Paige* v. *Sherman*, 6 Gray, 511, 513; *Wilkinson* v. *Scott*, 17 Mass. 249 ; *Carr* v. *Dooley*, 119 Mass. 294, 296.

Independently of this, the expression in the instrument which is claimed to be an acknowledgment of the ·receipt of the $15,000, namely, "which said sum of fifteen thousand dollars the said Dow and Pratt have this day advanced and paid to said Mills," is ambiguous, and does not show actual prior or simultaneous payment. *Goldshede* v. *Swan*, 1 Exch. 154.

So, too, the evidence of a promise by the defendants, as a part of the consideration of the instrument, to pay the debts which the plaintiff owed to Hall and others named in it, was admissible; and the refusal of the defendants to pay those debts on demand was a breach of their contract. *Clark* v. *Deshon*, 12 Cush. 589, 591.

The issue being whether the consideration had been paid and whether the obligation of the defendants was broken, it was competent for the plaintiff to show by parol that, after

Hall and Burgess had finished their work under their sub-contract, they stated their account to the plaintiff and demanded payment from him; that he notified the defendants and made demand on them; and that they neglected to pay. Such demand, and a neglect on their part to pay, tended to support the case of the plaintiff.

The balance due by the plaintiff to Hall and Burgess was $11,048.08, with interest from January 1, 1879; and that was the amount of the liability of the plaintiff to them under his contract with them. The agreement of the defendants, in the instrument of October 23, 1878, is that they assume the contract between the plaintiff and the company, and that they will well and truly save the plaintiff harmless from any and all liability by reason of his contracts with Hall and Burgess, Ellis and Savage and McCabe, "the ten per cent reserved," and any claim by reason of such contracts.

The agreement to assume the contract, in connection with the further agreement to save the plaintiff harmless from liability, was broken by a failure to pay the parties to whom the plaintiff was liable; and it was not necessary to a breach that the plaintiff should show that he had first paid those parties. *Braman* v. *Dowse,* 12 Cush. 227; *Locke* v. *Homer,* 131 Mass. 93; *Drury* v. *Tremont Improvement Co.,* 13 Allen, 168, 171; *Stewart* v. *Clark,* 11 Met. 384; *Preble* v. *Baldwin,* 6 Cush. 549; *Smith* v. *Pond,* 11 Gray, 234; *Paper Stock Co.* v. *Boston Disinfecting Co.,* 147 Mass. 318.

By the instrument in question, the defendants took the place of the plaintiff, and became, after the instrument was executed, principals in the work of constructing the railroad; and their acceptance of the assignment and the conditions preceding it included the sub-contracts and what was due and to become due upon them. The contract is not merely one to indemnify the plaintiff from damage arising out of his liability, but is an agreement to assume his contracts and to discharge him from his liability. *Gilbert* v. *Wiman,* 1 Comstock, 550; *Noble* v. *Arnold,* 23 Ohio St. 264, 271; *Carr* v. *Roberts,* 5 B. & Ad. 78; *Chase* v. *Hinman,* 8 Wend. 452; *Rockfeller* v. *Donnelly,* 8 Cowen, 623; *Randall* v. *Roper,* 27 Law

J. N. S. Q. B. 266; *Warwick* v. *Richardson*, 10 M. & W. 284; *Port* v. *Jackson*, 17 Johns. 239; *Wicker* v. *Hoppock*, 6 Wall. 94; *Lathrop* v. *Atwood*, 21 Conn. 117, 125.

The case is not open to the objection that the plaintiff endeavored to extend and enlarge by parol the provisions of a written instrument under the guise of proving its considera-tion; and the cases on that subject do not apply.

Although the instrument in question states that the defend-ants have agreed to receive from the plaintiff, an assignment of the plaintiff's contract with the railroad company " in trust for said company;" that the defendants " assume said con-tract in their capacities aforesaid;" that they have paid the $15,000 " in their capacity aforesaid," and the assignment is made to them " as aforesaid;" and that the plaintiff appoints them, " trustees as aforesaid," his attorneys; and although they " as aforesaid accept the assignment," their agreement to save the plaintiff harmless from any and all liability by reason of the contracts named is an absolute personal agreement on their part.

*The judgment is reversed, and the case is remanded to the Circuit Court with a direction to award a new trial.*