## UNITED STATES v. CHARLESTON LEAD WORKS et al.

### No. 1857.

District Court, E. D. South Carolina.
March 28, 1931.

Henry E. Davis, U. S. Atty., of Florence, S. C., and L. M. Shimel and S. H. Edmunds, Jr., Asst. U. S. Attys., both of Charleston, S. C.

Hyde, Mann & Figg, of Charleston, S. C., for defendant Maryland Casualty Co.

ERNEST F. COCHRAN, District Judge.

The United States brought this action against the Charleston Lead Works as principal and the Maryland Casualty Company as surety on a bond. The Charleston Lead Works has defaulted. The casualty company filed an answer. A jury trial was waived, and a written stipulation entered into, setting forth the facts. The facts essential to an understanding of the questions of law presented are briefly as follows:

There was assessed against the Charleston Lead Works an additional income tax. The assessment was made within five years from the date of the filing of the return, but there were no other steps taken within the five-year period by distraint or otherwise. After five years had elapsed from the date of the return, the bond on which this action is brought was executed. The bond was made payable to the collector of internal revenue or his successors in office. It recites that the principal had made application for an extension of the period for the payment of the income taxes in question, such extension postponing the date of payment until six months from the date of the bond. The bond is under seal. The condition of the bond is to "indemnify and save harmless" the collector or his successors "against all loss, costs, damage or expense to which he may be put by reason of having granted said extension of time." The collector thereupon granted an extension of time of six months and during that time refrained from taking any action to enforce the collection of the taxes. After the six months' extension had elapsed, the collector made demand upon the defendants for the payment of the tax; but no part of the same has been paid. There is no proof before the court that the collector could have collected the tax if the extension had not been granted, or that there has been any loss or damage suffered by reason of the extension.

The point was made that the United States could not sue on the bond because given to the collector; but the casualty company now concedes that the United States is the real party in interest and can maintain the action on the bond, or at least that the question is academic, in view of the decision of Judge Hale upon this same bond in the case of Maryland Casualty Co. v. Charleston Lead Works (D. C.) 24 F.(2d) 836.

It is perfectly clear that at the time the bond was given, both the collector and the United States were barred from collecting the tax by the five-year limitation provided in the Revenue Act of 1921, § 250 (d), 42 Stat. 265, either by suit or distraint. Bowers v. N. Y. & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676.

■ But the suit here is not for the collection of the tax. This is a suit upon the bond. If there is any limitation applicable to the suit on the bond, it is conceded that it has not yet become effective. The five-year limitation provided in the Revenue Act of 1921, § 250 (d), does not apply to an action on a bond. U. S. v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743.

The casualty company argues that there is no consideration for the bond, but I do not consider it necessary to decide that question, as, in my opinion, the action cannot be maintained for other reasons.

The bond here does not provide for the payment of the tax, but to indemnify against loss or damage. The distinction between bonds for absolute payment and bonds merely to indemnify against loss or damage has been clearly pointed out in a number of decisions. In the former case, there is a breach of the bond from the mere failure of payment. In the latter case, in order to establish a breach of the bond, there must be allegation and proof of loss or damage. Wicker v. Hoppock, 6 Wall. 94, 18 L. Ed. 752; Mills v. Dow's Adm'r, 133 U. S. 424, 10 S. Ct. 413, 33 L. Ed. 717; Johnson v. Risk, 137 U. S. 308, 11 S. Ct. 111, 34 L. Ed. 683; In re Lathrop, Haskins & Co. (C. C. A. 2d) 216 F. 102, 106, 107; Central Trust Co. v. Louisville Trust Co. (C. C. A. 6th) 100 F. 545, 547, 548.

The casualty company argues that it was legally impossible for the collector to suffer any damage by reason of the granting of the extension, because at the time the bond was given, neither the collector nor the United States could legally enforce the collection either by distraint or otherwise, and even if the collector had undertaken to enforce collection and had actually compelled the payment, the law would have compelled a refund. Such would appear to be the logical conclusion. But be that as it may, the inescapable fact remains in this case that the government has not offered any proof that any loss or damage has been suffered by reason of the granting of the extension. The bond being conditioned for the payment of such loss or damage as may be occasioned by the granting of the extension, the government has therefore failed to establish a breach of the bond, and cannot recover.

The cases of U. S. v. John Barth Co., supra, and U. S. v. E. Hogshire, Son & Co. (D. C.) 37 F.(2d) 720, are clearly distinguishable from the case at bar. In those cases there was a bond conditioned to pay the tax and not merely to indemnify against loss or damage. Here the bond does not engage to pay the tax, but merely to indemnify against loss or damage.

The government having failed to establish a breach of the bond, the action must be dismissed as to the Maryland Casualty Company, and a proper order will be entered accordingly.