## UNITED STATES v. WYOMING CENTRAL ASS'N et al.

### No. 2144.

District Court, D. Wyoming.

Dec. 15, 1932.

Albert D. Walton, U. S. Dist. Atty., of Cheyenne, Wyo., and John R. Wheeler, Sp. Atty., Bureau of Internal Revenue, of Seattle, Wash. (C. M. Charest, Gen. Counsel, and C. C. McCormick, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for the United States.

John E. Hughes, of Chicago, Ill., for defendants.

KENNEDY, District Judge.

This is an action at law seeking to recover upon a bond given by the defendant Wyoming Association, as principal, and the defendant National Surety Company, as surety, in connection with a dispute over the payment of income taxes for the year 1918; the defendant association having paid a tax which it claimed to be due and the Commissioner having thereafter assessed additional deficiency taxes. A lengthy statement of the facts which are presented in stipulated form to the court would seem to be unnecessary, as it is agreed by counsel that the point involved is as to whether or not a bond of the character here can be enforced when given after the statutory limitations had run against the collection of the tax by the Commissioner.

It may be pertinent to add something in regard to the general obligation of the bond, which in part reads as follows:

"The condition of the above obligation is such, that whereas by an assessment duly made by the Commissioner of Internal Revenue of the United States of America the above bounden Wyoming Central Association is indebted to the Treasurer of the United States in the sum of Fourteen Thousand Seven Hundred Seventy-seven and 05/100 ($14,777.05) dollars, as evidenced by assessment which is entered on the records of the said Marshall S. Reynolds, Collector of Internal Revenue, has tendered evidence to support said claim for abatement.

"Now, therefore, if the said claim for abatement shall be rejected by the Commissioner of Internal Revenue, and the said Wyoming Central Association shall thereafter well and truly pay over unto the said Marshall S. Reynolds, Collector of Internal Revenue, the amount of the above noted assessment together with such penalties and interest as may lawfully accrue, at such time and in such form as payment may be required of the said Wyoming Central Association by the said Marshall S. Reynolds, Collector of Internal Revenue harmless from liability under his bond filed with the Treasurer of the United States by reason of any default in the payment of said assessment, penalties, and interest, then this bond shall be void, otherwise to remain in full force and virtue."

In addition, it may be remarked that, after the application for abatement of the tax had been denied by the Commissioner, an appeal was taken to the Board of Tax Appeals, which held, in substance, that the tax was uncollectable because of the fact that the statute of limitations had run against such collection. On appeal from this decision to the Circuit Court of Appeals, such appeal was dismissed on the motion of the Commissioner.

An examination of the authorities upon the point suggested leads to the conclusion that the literature of the courts has already extended over many pages and that the subject is suffering from a great diversity of opinion. Under these circumstances, a lengthy review by this court would probably serve no useful purpose. In the case of United States v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743, the Supreme Court put to rest the oft-litigated question as to whether or not a bond given after the statute of limitations had run could be made the basis of a legal recovery with an affirmative answer. Here the situation is different, because in the Barth Case the consideration for the giving of the bond was the accommodation and convenience of the taxpayer in being relieved from distraint in the matter of the tax collection pending consideration of the claim for abatement; while in the case at bar there could have been no legal restraint which would have had the effect of making the tax, because the statute of limitations had intervened.

Without further discussion, I have reached the conclusion that, under the circumstances here, the reasoning in United States v. Charleston Lead Works et al. (D. C.) 49 F.(2d) 281, in United States v. Drew and National Surety Co.,[1] and in an excerpt from the dissenting opinion of Judge Sibley in Gulf States Steel Co. v. United States (C. C. A.) 56 F.(2d) 43, is the most appealing. In the Charleston Lead Works Case, at page 282 of 49 F.(2d), is the following language:

"The bond here does not provide for the payment of the tax, but to indemnify against loss or damage. The distinction between bonds for absolute payment and bonds merely to indemnify against loss or damage has been clearly pointed out in a number of decisions. In the former case, there is a breach of the bond from the mere failure of payment. In the latter case, in order to establish a breach of the bond, there must be allegation and proof of loss or damage.

---

[1] No written opinion filed.

Wicker v. Hoppock, 6 Wall. 94, 18 L. Ed. 752; Mills v. Dow's Adm'r, 133 U. S. 424, 10 S. Ct. 413, 33 L. Ed. 717; Johnson v. Risk, 137 U. S. 308, 11 S. Ct. 111, 34 L. Ed. 683; In re Lathrop, Haskins & Co. (C. C. A. 2d) 216 F. 102, 106, 107; Central Trust Co. v. Louisville Trust Co. (C. C. A. 6th) 100 F. 545, 547, 548.

"The casualty company argues that it was legally impossible for the collector to suffer any damage by reason of the granting of the extension, because at the time the bond was given, neither the collector nor the United States could legally enforce the collection either by distraint or otherwise, and even if the collector had undertaken to enforce collection and had actually compelled the payment, the law would have compelled a refund. Such would appear to be the logical conclusion. But be that as it may, the inescapable fact remains in this case that the government has not offered any proof that any loss or damage has been suffered by reason of the granting of the extension. The bond being conditioned for the payment of such loss or damage as may be occasioned by the granting of the extension, the government has therefore failed to establish a breach of the bond, and cannot recover.

"The cases of U. S. v. John Barth Co., supra, and U. S. v. E. Hogshire, Son & Co. (D. C.) 37 F.(2d) 720, are clearly distinguishable from the case at bar. In those cases there was a bond conditioned to pay the tax and not merely to indemnify against loss or damage. Here the bond does not engage to pay the tax, but merely to indemnify against loss or damage."

In the Drew Case, the remarks of Judge Grubb in the decision of the case upon the trial (taken from the trial brief of plaintiff) were as follows:

"The Court directs a verdict for the defendant, being of the opinion that there was no legal consideration for the giving of the bond because the tax was not collectible either by distraint or by suit, and the bond was given under duress; and being of the further opinion that there was no new promise to pay the tax, either express or implied, from the giving of the bond, because it was involuntarily given and accompanied with a claim of abatement which indicated that the taxpayer was disputing liability for the tax, and not by the giving of the bond promise to repay it, but the contrary. Also the fact that the Supreme Court has sustained the right of the taxpayer to sue for the recovery of the tax after having paid it under distraint, the statute of limitations having then run, indicating that the giving of a bond to postpone the collection of the tax would much less prevent the taxpayer from thereafter successfully disputing the collection of the tax, whether by means of direct suit or distraint against him, or a suit upon the bond given by him."

A quotation from the dissenting opinion of Judge Sibley in the Gulf States Steel Case, at page 48 of 56 F.(2d), is as follows:

"The distinction to be taken is between a limitation which ripens after the giving of the bond by reason of delay obtained through the bond, and a limitation which ripened before. The former because of estoppel cannot be taken advantage of to defeat a bond worded like this one, but the latter may. A different ruling forfeits the defense of limitation already accrued on giving the statutory bonds above referred to. The taxing department of the government by a decision on the ground of limitation and a refusal to decide the other grounds cannot deprive this surety of the benefit that might have resulted from a consideration of the latter. That department in the regular exercise of its functions having completely abated the deficiency claimed because of a limitation antedating the bond, nothing ought to be exacted under its promise to pay such amount as is not abated. I express no opinion as to whether the present pleadings suffice to assert the liability of the taxpayer under its first bond, but I dissent from the judgment upholding liability of principal and surety under the third bond."

While counsel for the plaintiff insist that the bond was not given to save the collector against loss or damage, but to guarantee the collection of the tax, an examination of the language of the bond as quoted above, with the terminology being somewhat garbled, purports to keep harmless the collector from liability under his official bond by reason of any default in the payment of the assessment, thereby bringing it within the scope of the Charleston Lead Works Case as it was officially adjudicated by the Board of Tax Appeals that the tax was uncollectable on account of the statute of limitations having run against it. The bond was executed under the theory that the tax was then collectable, whereas the opposite condition prevailed, which is equivalent to the bond being given under duress and likewise justifies the conclusion that the bond was without consideration.

■ As to the claim of defendant for a refund of the $3,000 paid previous to the execution of the bond, I am of the opinion that the matter being merely alleged as a defense is not permissible of recovery in the manner here set up, but in addition it appears from the answer of the defendants that the Commissioner of Internal Revenue has not yet passed upon the application for refund on account of the alleged overpayment.

For the reasons stated, the motion of plaintiff, filed upon the submission of the case for a judgment in its favor, will be overruled, and the motion of the defendants for a judgment in their favor will be sustained.

A judgment may be entered accordingly in favor of the defendants, dismissing the plaintiff's petition and reserving to the plaintiff proper exceptions.

