D. B. FISK & CO., PLAINTIFF IN ERROR, v. M. T. Mc-NEAL, DEFENDANT IN ERROR.

1. **Negotiable Instruments:** DATE OF MATURITY. Action upon a promissory note in the following form:

   "$50.00.                    FRANKLIN GROVE, ILL., July 1, 1878.
      "Ten days after date I promise to pay to the order of D. B. Fisk & Co., Chicago, Ill., Fifty Dollars, at ten per cent interest from date. Value received.

                                              " M. T. MINOR.
      "No. ——.   Due Sept. 30, 1878."

      It was *Held*, That the note matured upon the day named in the body thereof, and not upon the date named in the margin.

2. ——: LIMITATION OF ACTIONS. The action being instituted more than five years after the maturity of the note, and less than five years subsequent to the date named in the margin, a defense of the statute of limitations was sustained.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

J. H. Rushton, for plaintiff in error, cited: 1 Daniel Neg. Inst., Sec. 154. Fletcher v. Blodgett, 16 Vt., 26. Perry v. Bigelow, 128 Mass., 129. Costello v. Crowell, 127 Id., 293. Benedict v. Cowden, 49 N. Y., 396. Springfield Bank v. Merrick, 14 Mass., 322. Farmers Bank v. Ewing, 78 Ky., 266. Blake v. Coleman, 22 Wis., 416.

J. W. Eller, for defendant in error, cited: 1 Daniels Neg. Inst., 153, 156. Riley v. Dickens, 19 Ill., 29. Knoles v. Hill, 25 Ill., 288. Hollen v. Davis, 59 Iowa, 444.

REESE, CH. J.

This action was for the purpose of recovering the amount due upon two promissory notes, each bearing date of July 1, 1878, and payable ten days after date. They were written upon similar printed blanks which we here copy:

"$.........        ..............................187...
..........................after date ...... promise to pay to
the order of .............................................................
..........................................................Dollars
at ...........................................................................
Value received.
    No.......... Due.........................."

This blank being filled, the notes read as follows:

1. "$50.00    FRANKLIN GROVE, ILL., July 1, 1878.
"Ten days after date I promise to pay to the order of D. B. Fisk & Co., Chicago, Ill., fifty dollars at ten per centinterest from date. Value received.
                                        "M. T. MINOR.
"No...... Due Sept. 30, 1878."

2. "$55.39. FRANKLIN GROVE, ILL., July 1, 1878.

"Ten days after date I promise to pay to the order of D. B. Fisk & Co., Chicago, Ill., fifty-five and thirty-nine cents dollars at ten per cent interest. Value received.

"M. T. MINOR.

"No...... Due Oct. 30, 1878."

This action was commenced on the 18th day of September, 1883. Defendant pleaded the statute of limitations. Upon trial, a judgment was rendered in her favor. Plaintiff prosecutes error to this court, and alleges for error the ruling of the court in holding the notes to be barred by the statute of limitations.

The question presented for decision is, does the filling of the blank in the lower margin of the notes, naming a date for their maturity, make the notes payable on such dates, instead of the date named in the body of the note?

The testimony shows that, at the time of and prior to the execution of the notes, defendant resided in Franklin Grove, in the state of Illinois, and was indebted to plaintiff in the sum of $105. Plaintiff demanded payment, but was informed by letter from defendant, dated June 25, 1878, that she could not make the payment at that time, but would be able to do so the coming fall—by the middle or last of September. She was then requested to execute her notes for the amount due, and send them to plaintiff, which she did, the notes being the ones sued on in this case. It may be assumed, also, that the notes were written by her in the form in which they now appear, and it may be that she intended to make them payable at the time designated in the margin. It may be also assumed that plaintiff so treated them, as a favor to defendant, and so relied upon them. But while this is a matter which, if true, should appeal strongly to the conscience of a debtor, we, not being the conscience keepers of litigants, must decide the case according to the law as we find it applicable to the contract which the parties have made. As may be

seen by the notes, they fix a definite time within which they mature—"Ten days after date." It cannot be said as matter of law that the marginal note or memorandum could any more control the body of the note than could the marginal figures, when different from the amount expressed in the body or written portion of the note, control the amount which a holder would be entitled to upon payment or judgment. Upon this point we think the American cases are substantially uniform; that where a difference appears between the words and figures, evidence cannot be received to explain it; but the words in the body of the paper must control. Daniels on Neg. Inst., Sec. 86, and cases there cited. Hence, if an alteration is made in the marginal figures so as to make them correspond with the writing, it is not such an alteration as to vitiate the note.

In *Smith v. Smith*, 1 R. I., 398, the court said: "We do not think the marginal notation constitutes any part of the bill. It is simply a memorandum or abridgment of the contents of the bill for the convenience of reference. The contract is perfect without it. If this is so, any alteration in the figures cannot avoid the contract, because it is no alteration, either material or immaterial, in the contract." See also Randolph on Commercial Paper, Sec. 105. So we think it must be in this case. The marginal memorandum is only for convenience in the matter of ascertaining the date of the maturity of the note, without the necessity of reading it. It might serve also as an important aid in a case where by accident the body of the instrument was rendered illegible, or where it was so imperfectly written as to render the intention of the maker doubtful. But we have no such case here. No question can arise as to the true time of the maturity of the note when read from the written portion. Suit might have been instituted at any time after the expiration of the ten days—with the three days of grace added—and it must be held that the

statute began to run at that time, and that the action was barred at the time the suit was commenced.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.