# UNION STATE BANK OF MINNEAPOLIS, MINNESOTA, a Corporation, v. ALBERT BENSON.

(L.R.A.1918C, —, 165 N. W. 509.)

**Promissory note — form of — marginal entries — partial payments — maturity — from what determined — dishonor.**

1. The following note is held not to have been dishonored by nonpayment at the expiration of the time mentioned in the marginal memoranda for partial payments before maturity:

---

$100.00                      Hampden, N. D., Sept. 2, 1909.

On or before Sept. 2, 1910, after date I promise to pay to the order of the Sageng Threshing Machine Company, of Minneapolis, Minn., one hundred ......................... dollars. Value received, with interest at 6 per cent.

[Signed]   Albert Benson.

$25 will be pd. Nov. 1, 1909.
$25  "    "   "  Jan. 1, 1910.

---

**Purchaser — before maturity — holder in due course — may show such fact.**

2. The purchaser of the above note before maturity is entitled to show that he is a holder in due course.

Opinion filed November 27, 1917.

Appeal from District Court of Ramsey County, *C. W. Buttz*, J.

Reversed.

*Brennan & Brennan,* for appellant.

It is not necessary for a bank in buying negotiable paper, that its

---

NOTE.—As to what circumstances are sufficient to put a purchaser of negotiable paper on inquiry in order to secure rights of bona fide holder, see notes in 29 L.R.A.(N.S.) 351, and 44 L.R.A.(N.S.) 395.

On effect of exchange of commercial paper to constitute one a holder in due course for value, see note in 17 L.R.A.(N.S.) 747.

officers make a personal examination of the affairs of people with whom it deals, to ascertain possible defenses, when there is nothing in the transaction of a suspicious nature, or which would invite research. American Nat. Bank v. Lundy, 21 N. D. 167, 129 N. W. 99.

This was not an instalment note. Marginal entries forming no part of the written promise do not constitute any part of the note. Fisk v. McNeal, 23 Neb. 726, 8 Am. St. Rep. 162, 37 N. W. 616; Dan. Neg. Inst. § 86, and cases cited; Smith v. Smith, 1 R. I. 398, 53 Am. Dec. 652; Comp. Laws 1913, § 6902; Danforth v. Sterman, 165 Iowa, 323, 145 N. W. 485; Benedict v. Cowden, 49 N. Y. 396, 10 Am. Rep. 382; Chestnut v. Chestnut, 104 Va. 539, 2 L.R.A.(N.S.) 879, 52 S. E. 348, 7 Ann. Cas. 802; Heywood v. Perrin, 10 Pick. 222, 20 Am. Dec. 518; 7 Century Dig. § 330, Bills and Notes; Branning v. Markham, 12 Allen, 454, and cases cited; Way v. Batchelder, 129 Mass. 361; 7 Cyc. 631, note, Commercial Paper.

Such marginal entries are more in the nature of convenient memoranda. Payne v. Clark, 59 Am. Dec. 333, and note 338, 19 Mo. 152; Smith v. Smith, 1 R. I. 398, 53 Am. Dec. 652; Nugent v. Roland, 13 Am. Dec. 381, and note, 12 Mart. (La.) 659; National Bank v. Second Nat. Bank, 69 Ind. 485, 35 Am. Rep. 236; Krouskop v. Shontz, 51 Wis. 204, 37 Am. Rep. 817, 8 N. W. 241, Dan. Neg. Inst. § 154, note 41; 8 Wait, Act. & Def. p. 235; Siegel, C. & Co. v. Chicago Trust & Sav. Bank, 131 Ill. 569, 7 L.R.A. 537, 19 Am. St. Rep. 51, 23 N. E. 417.

If the marginal figures do not correspond with the written body of the note, the latter controls. Prim v. Hammel, 134 Ala. 652, 92 Am. St. Rep. 52, 32 So. 1006.

The payment of a part before maturity by defendant, and before plaintiff became the owner, is immaterial. St. Louis, Ft. S. & W. R. Co. v. Tiernan, 37 Kan. 606, 15 Pac. 544; Button v. Russell, 55 Mich. 478, 21 N. W. 899; Smith v. O'Brien, 146 Mass. 294, 15 N. E. 645; Shoemaker v. Benedict, 11 N. Y. 176, 62 Am. Dec. 95.

The burden was upon defendant to prove that plaintiff was not a holder in due course. Comp. Laws 1913, § 6940; Commercial Secur. Co. v. Jack, 29 N. D. 67, 150 N. W. 460; Galbraith v. McDonald, 123 Minn. 208, L.R.A.1915A, 464, 143 N. W. 353, Ann. Cas. 1915A, 420; Keyes v. Blue Bell Medicine Co. 34 S. D. 297, 148 N. W. 505.

The stock was a good consideration. German Mercantile Co. v. Wanner, 25 N. D. 479, 52 L.R.A.(N.S.) 453, 142 N. W. 463; Farmers Bank v. Riedlinger, 27 N. D. 318, 146 N. W. 556.

*Cowan & Adamson, H. S. Blood,* and *T. W. Morrissey,* for respondent

Since there was evidence of fraud on the part of the payee in procuring the note, the burden was cast upon plaintiff to prove affirmatively that the note was purchased by and indorsed to plaintiff in due course for value and without notice. Vickery v. Burton, 6 N. D. 245, 69 N. W. 193; Knowlton v. Schultz, 6 N. D. 417, 71 N. W. 550.

When a person purchases a note on which part has been paid and part is still past due, it is sufficient to put him upon inquiry, and precludes him from claiming as an innocent, bona fide purchaser, 7 Cyc. 952, and cases cited.

BIRDZELL, J.   This is an action to recover $70 and interest on a promissory note made by the defendant to the Sageng Threshing Machine Company, and by it transferred to the plaintiff. The judgment was entered in favor of the defendant upon a verdict of the jury, and the plaintiff appeals. The defense is that the note was given for stock in a threshing machine company which turned out to be worthless, and that the plaintiff is not a holder in due course nor one who has derived title from a holder in due course. The note is as follows:

---

$100.00                        Hampden, N. D., Sept. 2, 1909.

On or before Sept. 2, 1910, after date I promise to pay to the order of the Sageng Threshing Machine Company, of Minneapolis, Minn., one hundred .......................... dollars. Value received, with interest at 6 per cent.

[Signed]   Albert Benson.

$25 will be pd. Nov. 1, 1909.
$25   "    "   "  Jan. 1, 1910.

---

On the back of the note is the following indorsement of payment: "April 15, 1910, pd. $30." The plaintiff received the note in June, 1910.

The trial court excluded evidence offered to prove that the plaintiff was a holder in due course, and instructed the jury that, inasmuch as the payments referred to in the marginal notations had not been made in full, the plaintiff was the purchaser of overdue paper, and, as such, could not be a holder in due course.

The note in suit is what is frequently termed an "on or before note." On its face, in the body of the instrument, the promise is to pay $100 on or before September 2, 1910. There is no ambiguity as to the time of payment, except such as might be thought to arise from marginal notations in the lower left-hand corner of the note. Unless these marginal memoranda amount to unqualified promises to pay instalments at the times designated, they cannot be said to qualify the promise to pay $100, which matures on September 2, 1910. While the court is not free to disregard the plain meaning of a portion of the language appearing upon the face of the instrument in so far as it forms a part of the contract of the parties, it is nevertheless true that where, as here, the body of the instrument speaks in plain terms and sets forth a contract wholly different in its obligations and legal effect from that which would result were the marginal notations considered as binding, it should not be prone to alter a plain meaning in order to give effect to words and figures of doubtful legal import. There can be no doubt whatever that it was the intention of the parties to make the note in suit absolutely payable on September 2, 1910; neither can there be any doubt that under the terms of the note, separate and apart from the memoranda, the maker reserved the right to pay in advance of his legal liability to pay. The marginal notations are such as to convey neither a promise, an agreement, nor a condition in any way changing the legal effect of the words in the body of the instrument, and are in terms which merely express a likelihood that certain amounts will be paid before maturity, giving the dates of such prospective payments. The court is not warranted in giving to the words used a meaning and legal significance entirely contrary to that expressed in the body of the instrument. The language embraced in the marginal memoranda is not sufficiently strong to warrant the bringing of actions for the nonpayment of the sums named, and does not, in our judgment, accelerate the obligation to pay any portion of the note. In these notations, as we view them, it only appears what the expectations of the parties were with

reference to advance payments, rather than what the obligation of the maker was to be in that respect.

In determining whether or not an instrument is overdue for the purpose of fixing the status and rights of the parties thereto, it is proper to inquire whether, under its terms, a cause of action has accrued to the holder. The case of Fisk v. McNeal, 23 Neb. 726, 8 Am. St. Rep. 162, 37 N. W. 616, applies the controlling principle of this decision to notes somewhat similar to that in the instant case. The action in that case was upon two promissory notes, dated July 1, 1878, the bodies of which contained promises to pay ten days after date. Upon one there was a marginal notation as follows: "Due September 30, 1878," and upon the other "Due October 30th, 1878." The action was commenced on the 18th day of September, 1883, which was within the period of the Statute of Limitations if the accrual of the action was governed by the marginal notations, but which was barred by the statute if the accrual of the action was governed by the maturity as fixed by the language appearing in the bodies of the notes. The court held that the marginal notes or memoranda could not control the body of the notes, and that consequently the action was barred by the Statute of Limitations. The case would clearly be different here if the marginal notations contained words strong enough to obligate the debtor to pay before September 2, 1910.

The judgment of the trial court is reversed, and the cause remanded for further proceedings according to law.

ROBINSON, J. (dissenting.) In this case our judges seem to break even. In the first decision three judges were against the bank and two in its favor. Now, on rehearing, one judge has changed his mind, three judges voting in favor of the bank and two against it. So, that makes an even break. However, the result is to reverse the judgment of the district court and the verdict of twelve jurors in favor of the defendant.

As stated in the original opinion, the promissory note in question was given without any consideration only a promise of some worthless stock, and the plaintiff is not a purchaser in good faith and for value. It took the note after it was dishonored by the nonpayment of $20 which was past due, and it took the note with a good bunch of similar

notes and with knowledge of facts and circumstances sufficient to put it upon inquiry. Bankers are not justified in shutting their eyes and remaining wilfully ignorant when purchasing a note or taking it as collateral security. It is time to put a stop to the gross and prevalent abuse of the rules which gives protection to a real, honest, and prudent purchaser of negotiable paper. The rules should never protect a person taking paper without making any inquiry concerning the consideration, and with perfect indifference as to whether or not it was given for any consideration. The rules should no longer be extended to give encouragement to fraud and sharp practice. The judgment should be affirmed.

GRACE, J. I concur in the dissent, but not in all the reasoning thereof.