Root & Son's Music Company v. Caldwell et al.

1. **Evidence**: PRINCIPAL AND SURETY: ADMISSIONS. A letter written by the principal in a written obligation, and containing a statement of admissions of liability thereon by the surety, was held inadmissible in evidence against the surety.

*Appeal from Appanoose Circuit Court.*

TUESDAY, OCTOBER 5.

ACTION at law upon a bond executed by defendants to plaintiffs to secure indebtedness to be contracted by defendant Caldwell to plaintiff. There was a verdict and judgment for plaintiffs; defendants appeal. The facts of the case appear in the opinion.

*H. L. Marshall* and *George D. Porter*, for appellants.

*J. C. Coad*, for appellees.

BECK, J.—I. The action is upon a bond whereby defendant Edwards became surety for the other defendant on account of pianos, organs, etc., which he was about to purchase of plaintiffs. The defendant Edwards, among other defenses, set up that he was never notified of the acceptance of the bond sued upon, or of the purchase of goods by the other defendant upon the credit of the bond, and that said indebt-

edness of Caldwell to plaintiff was contracted under another bond given by him with another surety. Other defenses pleaded and issues formed by the pleadings need not be set out.

The plaintiffs file an amended abstract showing that the exceptions in the case are preserved by a skeleton bill, and alleging that it is not shown that all the testimony was preserved, and that no part of it is identified in the record, and it is alleged that the evidence set out in the appellant's abstract does not appear of record in the court below. The plaintiffs also move to strike from the abstract whatever evidence is therein set out, upon the grounds just stated.

The defendants deny this amended abstract, and appeal to the record to support their denial, and the correctness of their abstract. We have, therefore, found it necessary to examine the transcript of the record found in this court. The record before us is not in the form of a skeleton bill of exceptions, and all the evidence is properly identified, and appears in due order in the bill of exceptions. We think the objections raised by plaintiffs in their motion and by their amended abstract are not supported by the record. The motion must be overruled.

II. Two letters written by the defendant Caldwell to plaintiffs were admitted against the objection of defendant Edwards. These letters contained statements by the writer of declarations of Edwards tending to establish that he admitted liability upon the bond. The objections to these letters were overruled, and they were admitted as evidence to be considered upon the issues raised by the answer of defendant Edwards. This ruling is clearly erroneous. The defendant Caldwell, being the principal in the bond, could not bind the other defendant by repeating his declarations or admissions. Such evidence is clearly hearsay, and, as against Edwards, was not admissible.

1. EVIDENCE: principal and surety: admissions.

III. The bill of exceptions shows that three letters were offered, and the same objection made to all, namely, that as to the issues raised by the answer of Edwards they were hear-

say, and, therefore, incompetent; the abstract contains but two letters. Upon these facts the counsel for plaintiff insists that if any one of the letters was admissible the objection was properly overruled. But this cannot be admitted. The objection ought to have been sustained so far as it was well taken to the separate letters. If the letters set out in the abstract appear to be incompetent they ought to have been excluded, and this error will not be cured for the reason that the third letter is not before us. We conclude that it is not presented in the abstract for the reason that appellants did not desire to base an objection thereon.

Counsel for plaintiffs also insist that the letters are not properly identified; but the transcript of the record shows to the contrary. Counsel further maintain that the letters were admissible to contradict the testimony of Caldwell, who denied that he considered the bond in suit of binding force, or that he received the goods under it. But the objection to the letter is based on the ground that it is not admissible testimony against Edwards to show his admissions. For such a purpose it was surely not competent. The court in overruling the objection held otherwise, and herein is the error. We need not determine whether it was competent to contradict Caldwell's testimony, or even to bind him.

It is further argued that Edwards in his testimony admitted his liability upon the bond, and therefore the admission of the letters, if erroneous, was without prejudice. But the evidence of Edwards referred to tended to show his liability; it cannot be regarded as an admission thereof. The erroneous admission of this incompetent testimony cannot be regarded as without prejudice for the reason that there is other evidence tending to prove the same facts. Such illegal evidence added to other testimony may have influenced the jury to find for plaintiffs as against defendant Edwards. Other questions discussed by counsel need not be considered, as the judgment of the court below, for the errors pointed out, must be

REVERSED.