## WELLS v. KAVANAGH ET AL.

1. **Contract:** ACTION ON BY THIRD PARTIES INTENDED TO BE SECURED. K. executed a bond, with the other defendants as sureties, for the performance of a contract to build a section of railway. The contract obligated K. to pay all just claims against him or against any sub-contractor, for materials, services and labor used by him in the construction of the road. *Held* that an action might be maintained on the bond by one holding claims for services and materials furnished to and used by the contractor in performing the work specified in the contract. (*Jordan v. Kavanagh*, 63 Iowa, 152, followed.)

2. **Surety:** NOT BOUND BY ADMISSIONS OF PRINCIPAL. A surety in a bond is not bound by the admissions of the principal that certain claims are such as were intended to be secured by the bond. (See *Root & Sons Music Co. v. Caldwell*, 54 Iowa, 432.)

3. **Instructions:** TAKING CASE FROM JURY: WHEN ERROR. It is error to direct the jury to find a verdict for a certain sum, when the evidence is such that the jury might, in the exercise of an honest, unprejudiced and intelligent discretion, find a verdict for a different sum.

*Appeal from Boone District Court.*

WEDNESDAY, DECEMBER 22.

ACTION upon a bond obligating defendants to pay certain indebtedness for labor and supplies incurred by the principal

in the bond in performing certain work for the construction of a railroad. There was a verdict for plaintiff, under direction of the court, upon which a judgment was rendered. Defendants appeal.

*Parsons, Perry & Sherman,* for appellants.

*Crooks & Jordan,* for appellee.

BECK, J.—I. Marcus Kavanagh, Jr., entered into a contract with the St. Louis, Des Moines & Northern Railway

1. CONTRACT: action on by third parties intended to be secured.

Company to construct a portion of its road. He executed a bond, with the other defendants as sureties, binding him to the performance of a written contract, under which the work was to be done. This contract obligated Kavanagh to pay all just claims against him, or against any sub-contractor, for materials, services and labor used by him in the construction of the part of the road built by him. This court has held that an action may be maintained upon a bond containing like provisions by one holding claims for services and materials furnished to and used by the contractor in performing the work specified in the contract. *Jordan v. Kavanagh,* 63 Iowa, 152. This action is brought upon the bond by plaintiff, as assignee of various workmen who, it is alleged, were employed by Kavanagh, and performed labor in constructing that part of the road covered by his contract.

II. The plaintiff, in support of his cause of action, introduced evidence showing that certain accounts for work done by employes of Kavanagh, in the performance of the contract, had been assigned to him. These constitute the greater part of plaintiff's claim. In many of the cases the evidence shows quite satisfactorily that the work was done, and the amount of the claim is justly due therefor. The evidence, in one or two of the cases, is too indefinite and uncertain, as to the amount due thereon, to authorize its allowance.

III.   For other claims, orders were given by the contractors to the workmen, but they were not admitted in evidence.

**2. SURETY:** not bound by admissions of principal.

It was shown, however, that the orders were given "for materials, groceries and provisions to men who were working on the road, and were charged up in their account on the pay roll and report made," etc. There is no evidence showing that the amounts of these orders were justly due from Kavanagh to the workmen. By the special conditions of the contract, the sureties were liable only for claims *justly* due to workmen. The giving of these orders, and the credit upon the pay roll, may be regarded as an admission on the part of Kavanagh that the sums named in the orders were due the parties receiving them, but it cannot be regarded as an admission binding the other defendants as sureties. They are held upon the bond only for claims *justly* due. Kavanagh could not make his sureties liable by giving an order to one having no just claim for services or materials furnished for the work. The law will give no such opportunities for fraud. The railroad company was liable only for just claims for labor and materials. The sureties are bound for nothing more. It rested upon plaintiff to show, by evidence, that work was done, or materials were furnished, for the construction of the road, and that the claims which were the foundation of his action were just. But, as to the claims of the class we are now considering, no such evidence was given. See *Root & Sons Music Co. v. Caldwell*, 54 Iowa, 432.

The district court, therefore, erred in giving to the jury an instruction to the effect that the undisputed evidence

**3. INSTRUCTIONS : taking case from jury: when error.**

shows that plaintiff is entitled to recover an amount named, and directing them to return a verdict accordingly. The cause should have been submitted to the jury with instructions in harmony with the foregoing views. It is probably true that the evidence tends to establish a sum due upon plaintiff's claim equaling the amount of the verdict. But it cannot be said

that it is so shown by the undisputed evidence, in the sense that the jury, in the exercise of an honest, unprejudiced and intelligent discretion, could not have found a verdict for plaintiff in a less sum. The court, therefore, erred in taking the case from the jury, and directing a verdict for plaintiff in an amount named in the instruction.

REVERSED.