STATE OF IOWA, Plaintiff, v. JOE CORDARO, Defendant.

WILBERT J. SMITH, Appellee, v. VERNON W. LYNCH, Appellant.

No. 41044.

MARCH 8, 1932.

REHEARING DENIED JUNE 24, 1932.

Ralph N. Lynch, for appellant.

Bradshaw, Schenk & Fowler, for appellee.

PER CURIAM: This is the second appeal of this case. The opinion in the former appeal is reported in 211 Iowa 224, and the facts as they appeared at said time are set forth in said opinion.

 Briefly stated, Cordaro was the defendant in a criminal case. He was convicted and appealed to this court. Appellee Smith was surety on the appeal bond. The State brought suit on said bond. Smith impleaded appellant Lynch by cross-petition, and alleged:

"* * * 3. That to induce this defendant to sign said bond, said defendant Vernon W. Lynch orally stated, represented, and promised to this defendant that he, the said Lynch, had collected from said defendant Joe Cordaro ample funds and security to pay said fine ($1000) imposed by the district court of Polk County, Iowa, and all costs that might be taxed against said Cordaro in the event of an affirmance of his said conviction by the Supreme Court of the State of Iowa; that this defendant need never worry about paying said bond; that he, the said Vernon W. Lynch, would see to it that said bond would be paid, and that this defendant would be indemnified and saved harmless. That this defendant, in consideration of, and relying upon said inducements, statements, representations, promises, and agreements of the said defendant Vernon W. Lynch, and at the special instance and request of said Lynch, thereupon signed said bond as surety for said defendant Joe Cordaro.

"4. That this defendant, except for the inducements, promises, and representations of said defendant Vernon W. Lynch, would not have signed said bond as aforesaid. * * *"

Upon remand to the district court, and on the eve of the trial, the appellee amended his petition as follows:

"Comes now Wilbert J. Smith, defendant and cross-petitioner in the above entitled cause, and amends his cross-petition by striking from line 4, paragraph 3, thereof, the words 'said defendant Joe Cordaro', and substituting therefor, the words 'the Cordaro family'; and by striking from the first sentence the last clause thereof, reading, 'and that this defendant would be indemnified and saved harmless', and substituting therefor the words 'and that he would pay it'; and by transposing said alle-

gation as to indemnification; so that said paragraph 3 as amended will read as follows:

"3. That to induce this defendant to sign said bond said Defendant Vernon W. Lynch orally stated, represented and promised to this defendant that he, the said Lynch, had collected from the Cordaro family ample funds and security to pay said fine imposed by the District Court of Polk County, Iowa, and all costs that might be taxed against said Cordaro in the event of an affirmance of his said conviction by the Supreme Court of the State of Iowa; that this defendant need never worry about paying said bond; that he, said Vernon W. Lynch, would see to it that said bond would be paid, and that he would pay it. That in consideration of, and relying upon said inducements, statements, representations, promises and agreements of said Defendant Vernon W. Lynch, and believing that he, the defendant, would be indemnified against liability, this defendant, at the special instance and request of said Lynch, thereupon signed said bond as surety for said Defendant Joe Cordaro."

Appellant moved to strike this amendment upon the following grounds:

"1. That said amendment to cross-petition changes said cross-petition from an action on an oral promise of an agent to answer for the debt, default or miscarriage of his principal out of funds of the principal, to an action wherein cross-defendant is alleged to be and made principal, and is alleged to be making an oral original promise to answer on his own account for the debt, default or miscarriage of a third party. And the cross-defendant respectfully shows the court that before either of the first two trials of this case in the District Court and before the trial of this case in the Supreme Court cross-defendant filed a motion for more specific statement, which was resisted by cross-petitioner and eventually overruled, and cross-defendant by reference makes his original motion for more specific statement a part of this motion to strike. Cross-defendant shows the Court that an attempt was made to make the petition more specific before any trial of this case and that said amendment so substantially changes the cause of action as to make it in fact not the same cause of action which has been tried twice in the District Court and in the Supreme Court. That cross-petitioner had a full knowledge of the facts during the first and second trials

of this case in the District Court, and he assumed a particular position and adopted a certain cause of action, and he is now estopped to assume the inconsistent position of entirely changing his cause of action and in substance trying a new case against cross-defendant to cross-defendant's prejudice.

"2. In the alternative, and if Ground 1 of the motion to strike Cross-petitioner's Amendment is overruled, then and in that event the case becomes one of an original independent promise and not that of an agent, and cross-defendant moves the Court to strike from paragraph 3 of the cross-petition as amended all reference to the collection of funds or securities from Joe Cordaro or the Cordaro family, for the reason that the same is an attempted pleading of evidence and immaterial to the cross-petitioner's action upon an original promise, and immaterial and incompetent to the issues remaining in the cross-petition, and partakes of irrelevant matter against the doctrine of *res inter alios acta.*"

The court overruled said motion to strike said amendment. Code Section 11182 is as follows:

"The court may, on motion of either party at any time, in furtherance of justice and on such terms as may be proper, permit such party to amend any pleadings or proceedings by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceedings to the facts proved."

It is a well-established rule that trial courts are liberal in the allowance of amendments to pleadings and that we hesitate to interfere with the action of the trial court in allowing or denying amendments. But, notwithstanding these recognized rules, it is a fact that we not only have the power to review the action of the trial court in ruling on amendments, but it is our duty so to do when substantial legal rights are involved.

The appellee's cause of action as originally pleaded in his cross-petition was discussed in our opinion on the former appeal. In said cross-petition it clearly appeared that appellee's cause of action was predicated on the claim that he was induced to sign

the Cordaro appeal bond by the oral representations of appellant Lynch that he had collected from said defendant Joe Cordaro ample funds and security to pay the fine imposed upon Cordaro, and that he, Lynch, would see to it that said bond would be paid, and that Smith would be indemnified and saved harmless.

After remand the amendment set out supra was filed. Did it change the issues?

As set forth in our former opinion, the allegation that appellant had collected ample funds and security from Joe Cordaro (the defendant in the criminal action) was a material allegation of appellee's cross-petition. It became especially material in view of the evidence upon that trial with regard to the ownership of and the purpose for which certain funds were claimed to have been placed in appellant's hands. We reversed because of the admission of such evidence. One evident purpose of the amendment was to avoid the effect of our former decision, and in so doing the appellee presented an entirely new issue. The appellee originally claimed that appellant represented to appellee that he had collected *from Joe Cordaro* ample funds to indemnify appellee. It was upon this allegation as to appellant's representations that appellee asked judgment against appellant in his cross-petition. It is obvious that by the amendment the appellee seeks to avoid the ruling of this court as to the admissibility of certain evidence respecting the funds claimed to have been turned over to appellant. Under the amendment there is a complete change of front as to the source of these funds. As originally pleaded, they are referred to as coming solely from Joe Cordaro. Under the amendment they are alleged to have been derived from the Cordaro family.

A reading of our former opinion will readily disclose the reason for this amendment and the materiality thereof.

Again, the original cross-petition alleged that appellant promised appellee that he (appellee) would be *"indemnified and saved harmless."* The amendment strikes these words and substitutes therefor the words "he would *pay* it." Obviously the pleader deemed the amendment material, and obviously it was material. Appellee by his original cross-petition was seeking a personal judgment against appellant on certain grounds. The original cross-petition charged that appellant had represented to appellee that the appellant had collected *from the defendant*

in the criminal action certain funds; that appellee need not worry about paying said bond; that appellant would see to it that the bond would be paid, and that the appellee would be indemnified and saved harmless. The cross-petition as amended charges that appellant represented that he had collected funds (*not from Joe* Cordaro, the defendant in the criminal action, but from the *Cordaro family*). This opened an entirely new door of proof and presented an entirely new issue in the case. But even more important is the change made in the pleading by striking the allegation that appellant agreed to indemnify and save the appellee harmless from any liability on the bond, and alleging in lieu thereof that he *would pay it*.

Appellee argues that these two allegations mean one and the same thing. Not so. A contract to indemnify and save harmless is quite a different thing from an unqualified and absolute promise to pay.

In Cousins v. Paxton & Gallagher Co., 122 Iowa 465, we said:

"The law recognizes a well-defined difference between covenants of indemnity against loss, and covenants to assume or pay a liability. In the former class the covenant is not broken, and no right of action accrues, until a loss has been suffered against which the covenant runs, while in the latter class the covenant is broken, and a right of action accrues, whenever the liability is fixed and absolute. This distinction grows out of the express terms of the contract, and must be recognized, otherwise a new contract would be made for the parties, and their rights determined thereunder, instead of by the contract which they made."

In New England Equitable Insurance Co. v. Boldrick, 192 Iowa 763, we said:

"One of the characteristic differences between a contract of indemnity and one to pay legal liabilities is that, upon the former, an action cannot be brought and recovery had until the liability indemnified against is discharged; whereas, upon the latter, the cause of action is complete when the liability attaches."

See, also, Duke v. Tyler, 209 Iowa 1345.

The amendment materially changed the issues in the case.

This being so, was it reversible error to permit the amendment to stand?

The appellee had twice tried his case in the district court upon the theory and issues tendered in his original cross-petition. It was only after reversal in this court that the issues were changed in the manner pointed out. Even in the light of our rule as to liberality in allowing amendments, we are of the opinion that we cannot approve of the action of the court in permitting the amendment under the peculiar facts of this case. There was every opportunity for the appellee to make a full and fair presentation of his case by pleading and proof as originally presented. He tried his case twice in the lower court and once in this court upon issues so made. He ought not now to be permitted to mend his hold, and present a new cause of action after reversal in this court. Such a course would prolong litigation indefinitely. See National Horse Importing Co. v. Novak, 105 Iowa 157; Zalesky v. Home Insurance Co., 114 Iowa 516, 519; Snouffer & Ford v. City of Tipton, 150 Iowa 73; Dobson v. Clemons & Co., 194 Iowa 1155, and cases cited; Cary-Platt v. Iowa Electric Co., 207 Iowa 1052.

This is especially so in view of the testimony of appellee himself upon the former trials.

We think the court erred in permitting the amendment and thereby allowing the appellee to make a complete change of front and plead a new cause of action.

II. Appellee was a witness in his own behalf. On cross-examination he was interrogated with regard to his testimony on the former trials of the case for the purpose of laying the foundation for proving contradictory statements. The transcripts of his former testimony were available for the use of appellant's counsel in framing specific interrogatories. But at that time the transcripts were unidentified, and no part of them had been offered in evidence. Thereupon counsel for appellee upon redirect examination read from said transcripts numerous questions and answers from appellee's own testimony on the former trials, and appellee was interrogated as to whether or not he had given such evidence. Objections to this proceeding were overruled, and the witness by this means was permitted to corroborate himself as to his testimony then given. The error in the overruling of proper objections to such a procedure is apparent,

and its prejudicial character is obvious to anyone familiar with jury trials. Under no rule of evidence could such a method of self-serving testimony be permitted. See State v. Bell, 206 Iowa 816. The transcript was not then in evidence. It was proper on cross-examination to interrogate the appellee as to specific questions asked and answers given on a former trial, and to show later that such questions were in fact propounded and such answers given. But the asking of these questions of the appellee on cross-examination did not open the door for counsel for appellee, on re-direct, to read copious excerpts from the transcripts of other evidence of appellee and have appellee state that he did so testify.

It was error to permit the reading of the excerpts from the transcripts upon re-direct examination under the situation as disclosed by the record.

III. Other errors are argued. We do not deem it necessary to give them consideration in this opinion. Some of them violate Rule 30 of this court. Others are without merit, or are not likely to occur upon a retrial of the case.

The judgment is—Reversed.

All justices concur.