ANNA NYLANDER, Appellee, v. WALLACE E. NYLANDER, Appellant.

No. 43505.

JUNE 19, 1936.

Doran & Doran, for appellee.

F. W. Ganoe, for appellant.

STIGER, J.—On September 9, 1935, the plaintiff brought her action on a promissory note, given by the defendant, which read as follows:

"$700.50                                            July 16, 1925

WALLACE E. NYLANDER after date, for value received, I promise to pay to the Order of Miss ANNA NYLANDER Seven Hundred and Fifty Dollars . . . DOLLARS with interest from . . . . . . . until paid at . . . 5 . . . per cent, per annum, payable annually, defaulting interest to draw the same rate of interest as principal, and pay a reasonable attorney's fee if action is commenced hereon, and consent that a Justice of the Peace may have jurisdiction to the amount of three hundred dollars, and hereby severally waive presentment for payment, notice of nonpayment, protest and notice of protest, and diligence in bringing suit against any part thereto, and sureties consent that time of payment be extended without notice thereof.

P. O. the term of five years          WALLACE E. NYLANDER
No. . . . . . ."

The defendant demurred to the petition on the ground:

"That the note on which said action is based and the pleading, to-wit, the petition of Plaintiff incorporating said note, shows on its face that the cause of action is barred by the statute of limitations, in that the same is a demand note and more than ten (10) years have elapsed from the date of its execution and a demand note is due immediately upon execution."

In overruling the demurrer the trial court stated:

"Plaintiff's action was based upon a promissory note which states: 'Wallace E. Nylander, after date, for value received, I promise to pay,' and in one corner of the note are the words: 'the term of five years'.

"Giving the plaintiff the most favorable construction of her petition, the Court must find that there is a due date expressed in said note, and that the statute of limitations has not run thereon.

"Therefore the defendant's demurrer is overruled.

"In making these findings and this ruling, the Court does not preclude the defendant from his right to plead the statute of limitations by way of answer and to show that said statute has run."

The defendant elected to stand on the demurrer and judgment was entered on the note.

The defendant appeals from the ruling and the judgment of the court. Defendant contends:

(1) That the words "the term of five years" written opposite the signature of the maker constitute no part of the note.

(2) That said instrument is a demand note.

(3) That it appears on the face of the petition that the action is barred by the statute of limitations.

If this is a demand note it was payable upon the date of its execution and is barred by the statute of limitations. If the note is payable at a fixed or determinable future time, that is, as claimed by plaintiff, payable five years from date, it is not barred by the statute.

Code section 9467 provides that an instrument is payable on demand (2) in which no time for payment is expressed.

Code section 9464 provides that an instrument is payable at a determinable future time which is expressed to be payable (1) at a fixed period after date, etc.

If there is a fixed due date in the instrument it is not payable on demand.

A note must be construed as a whole in the same manner as other written instruments. It is fundamental that all words used in written instruments must be given effect, if reasonably possible, and are to be given their ordinary and natural meaning.

In the case of Elmore v. Higgins, 20 Iowa 250, there was a memorandum indorsement on the back of the note on which suit was brought. Mr. Justice Dillon, speaking for the court, states:

"That the cotemporary indorsement on the back of the note became part of it, binding upon the parties and qualifying and restricting their contract and that in construing the contract, the note and indorsement * * * are to be taken by the corners, and effect given to every expression, if this can fairly be done, are propositions elementary in their character."

See Heaton v. Ainley, 108 Iowa 112, 78 N. W. 798; Berenson v. London, etc. F. Insurance Co., 201 Mass. 172, 87 N. E. 687.

The note states that "after date, for value received, I

promise to pay," etc. The words "the term of five years" fix a definite period after date for payment. The loan was for a term of five years from date.

We hold that these words are a part of the instrument; that they provide a fixed and determinable time of payment, and that the instrument is not a demand note.

Appellant's position is that the words "the term of five years" constitute a marginal statement on the instrument and are no part thereof; that the fixed due date is the date of the instrument and that the said marginal words cannot control the date expressed in the body of the note. He cites: Fisk v. McNeal, 23 Neb. 726, 37 N. W. 616, 8 Am. St. Rep. 162; Smith v. Smith, 1 R. I. 398, 53 Am. Dec. 652; Union State Bank of Minneapolis v. Benson, 38 N. D. 396, 165 N. W. 509, L. R. A. 1918C, 345. These cases hold that if there is a fixed due date in the body of the note, a different due date appearing on the margin or bottom of the note cannot control the fixed date. They do not hold that a marginal statement on a bill or note does not constitute a part thereof, and are not applicable here for the reason that in this case there is not a due date fixed in the body of the instrument and a different due date below or on the margin of the note.

The fixed time of payment is found, not in the usual and customary place on the instrument, but to the left and opposite the signature of the maker.

The appellant devotes considerable space in his brief and argument to the rule that the terms of a written instrument cannot be changed by parol evidence. He states: "The lower court attempted to change, or give the plaintiff power to change the terms of the written instrument when he overruled the demurrer of defendant. He did this because he must have intended to hold that the words 'the term of five years' on the margin of the note could be explained by oral evidence, or if he did not intend this, he had to hold that those words constituted part of the note which is not the law."

To render a petition demurrable on the ground that the cause of action is barred by the statute of limitations it must affirmatively appear from the averments of the petition that the cause is so barred.

Nothing can be considered by the court in the determination of a demurrer to the petition other than the averments of the

petition and the demurrer. When the facts constituting the bar of the statute of limitations do not appear on the face of the petition, the issue can be raised by answer. Retter v. Schultz, 211 Iowa 106, 108, 232 N. W. 830; Code sections 11141 and 11149.

It does not affirmatively appear on the face of the petition that the cause of action is barred by the statute.

The parol evidence rule has no application to this case.

The action was not barred by the statute of limitations and the trial court was right in overruling the defendant's demurrer, and entering judgment on the note.

The ruling and judgment appealed from are affirmed.— Affirmed.

DONEGAN, C. J., and PARSONS, HAMILTON, ANDERSON, MITCHELL, RICHARDS, KINTZINGER, and ALBERT, JJ., concur.